UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GARETH WHYTE,                                      :
             Petitioner,                                  :
                                                   :    **MEMORANDUM DECISION**
v.                                                 :
                                                 :    09 CV 5196 (VB)
                                               :
DAWSON BROWN, Superintendent,                      :
Sing Sing Correctional Facility,                   :
             Respondent.                                  :
----------------------------------------------------------------x

Briccetti, J.:

      Pending before the Court is Magistrate Judge Smith's Report and Recommendation ("Report"), dated July 18, 2011 (Doc. #9), on Gareth Whyte's petition for a writ of habeas corpus. Judge Smith recommends that the Court deny the petition. For the following reasons, the Court adopts the Report as the opinion of the Court. The petition is denied and dismissed.

      A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only

1

conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se, such as petitioner herein, are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

The Court presumes familiarity with the factual and procedural background of this case.

Petitioner objects to the Report on two grounds: (1) the magistrate judge failed to consider whether the evidence presented at his trial was legally sufficient to prove the intent element of the two assault crimes of which he was convicted, and (2) the magistrate judge incorrectly found that statements taken from him by the police were not obtained in violation of his Miranda rights.

Petitioner's first objection is based on a ground not included in the petition, and petitioner never moved to amend his petition. When a petitioner fails to raise a claim in his original petition and has not sought leave to amend the petition to assert such a claim, the claim is not properly before the district court and provides no basis for challenging the magistrate judge's proposed findings on the claims raised in the petition. Nelson v. Smith, 618 F. Supp. 1186, 1191 n.5 (S.D.N.Y. 1985). "If the Court were to consider formally these untimely contentions, it

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments." Abu-Nassar v. Elders Futures, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994). Therefore, the Court rejects petitioner's new claim concerning whether the evidence of intent was legally sufficient.

Petitioner's second objection reiterates arguments made in his petition, and is otherwise general or conclusory. The Court has reviewed Judge Smith's thorough and well-reasoned Report, and specifically the portion of Judge Smith's Report regarding petitioner's Miranda rights, and finds no clear error in the record. The Court moreover believes that Judge Smith's Report is correct as a matter of law.

The Report is therefore adopted as the opinion of the Court.

## CONCLUSION

Magistrate Judge Smith's Report and Recommendation is hereby adopted in its entirety. The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Dated: January 26, 2012
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge